

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,415-01 AND WR-90,415-02

### EX PARTE ALEXANDER PALMA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2015CR4703-W1 AND 2015CR4301-W1
### IN THE 379TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam. Keller, P.J., filed a dissenting opinion, in which Keasler, Hervey, and Yeary, J.J., join.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two assaults and sentenced to concurrent terms of five years in prison.

Applicant was released to parole. While on parole, he was arrested for possession of a less than one gram of a controlled substance. Due to the arrest, the Parole Division issued a pre-revocation (aka "blue") warrant, and it was executed on March 27, 2019. According to the trial court, Applicant remains incarcerated in the county jail on the blue warrant—over seven months to date.

Applicant, through habeas counsel, alleges that the Board of Pardons and Paroles and the Parole Division have failed to afford him a final parole revocation hearing, despite repeated requests, before the 41st day after the parole warrant was executed, *see* TEX. GOV'T CODE § 508.282 (setting the 41-day deadline), and that this denial of a final parole revocation hearing within a reasonable time violates Due Process, *Morrissey v. Brewer*, 408 U.S. 471 (1972) (holding that a parolee is entitled to due process in parole revocation). The trial court recommends that relief be granted by ordering the Board of Pardons and Paroles and the Parole Division to hold a final parole revocation hearing. Applicant "urges dismissal of the revocation proceedings as dismissal is the only proper redress to the lack of due process he has been afforded."

This Court agrees with Applicant. Section 508.254—titled "Detention Under Warrant"—concerns the Board's authority to detain a releasee pursuant to a blue warrant; Section 508.282—titled "Deadlines"—provides the deadlines the Parole Board must follow. The habeas record shows that no charge on the new drug offense has been filed. The Board of Pardons and Paroles and the Parole Division has violated the 41-day deadline required by Section 508.282, and it has violated Due Process as required by the Supreme Court's holding in *Morrissey v. Brewer*, *supra*. The Board of Pardons and Paroles and the Parole Division is ordered to immediately dismiss the current parole revocation proceeding, and Applicant is to be released from confinement based on it. Mandate shall issue on the same date this opinion is delivered.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:    Delivered December 11, 2019
Do not publish